# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

BRIAN HUEGEL,                               )
                                            )
      Plaintiff,                     )
                                            )
v.                                          )     CAUSE NO.: 3:16-CV-1-TLS
                                            )
WAL-MART STORES, INC., and                  )
SUNSCAPES, INC.,                            )
                                            )
      Defendants.                    )

## OPINION AND ORDER

This matter is before the Court on a Motion for Default Judgment Against Defendant Sunscapes, Inc. Pursuant to F.R.C.P. 55(a)(2) [ECF No. 26], filed by the Plaintiff, Brian Huegel, on September 30, 2016.

The Plaintiff has sued the two entities he believes are responsible for injuries he suffered after he slipped on ice and fell in the parking lot of the Wal-Mart store located in South Bend, Indiana. The Plaintiff alleges that Defendant Wal-Mart negligently failed to maintain its parking lot in a safe condition. He also alleges that Defendant Sunscapes, Inc., was liable as the party that was employed or subcontracted to remove snow and ice from Wal-Mart's parking lot. The Plaintiff alleges that he suffered physical injuries, incurred medical expenses, and suffered pain as a result of the fall.

The Plaintiff obtained a Clerk's Entry of Default against Sunscapes pursuant to Federal Rule of Civil Procedure 55(a). When he moved for default, the Plaintiff requested that a damages hearing be postponed until trial when the liability of Defendant Wal-Mart was determined. In his Motion for Default Judgment, the Plaintiff asserts that he has settled his claim with Wal-Mart,

and asks the Court to enter judgment against Sunscapes in the amount of $356,800.00.[1] The

Affidavit of Plaintiff is submitted as an exhibit in support of the Motion. In the Affidavit, the

Plaintiff describes his injuries, medical procedures, and permanent injury of five percent upper

extremity impairment and three percent whole person impairment. The itemized medical

expenses are represented to be $66,882.44. The final paragraph of the Affidavit provides,

"Affiant values his premises liability claim against Sunscapes, Inc. at $356,800.00." (Aff. ¶ 10,

ECF No. 26-1.)


# ANALYSIS

Once the default of a party has been established for failure to plead or otherwise defend,

Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default

judgment. As long as a plaintiff's allegations are well-pled, a default judgment, as a general rule,

"'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of

action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*,

722 F.2d 1319, 1323 (7th Cir. 1983) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am.,

Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998

F.2d 1394, 1404 (7th Cir. 1993). The party moving for a default judgment must then establish

entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Under Rule 54(c),

a party obtaining a default judgment in its favor is not entitled to a judgment that differs in kind

from or an award that exceeds the amount demanded in the pleadings. Courts must ascertain with

---

[1] The Plaintiff and Defendant Wal-Mart have also filed a Stipulation for Dismissal, With
Prejudice, as to Defendant Wal-Mart Stores, Inc. Only [ECF No. 27].

reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. "[W]here liability is joint and several, the entry of default judgment against fewer than all defendants in an action is proper, [however] a damages hearing may not be held until the liability of each defendant has been resolved." *Dundee*, 722 F.2d at 1324. The reason for this rule is to avoid inconsistent damage awards on a single claim involving joint and several liability. *Id.*

The default of Defendant Sunscapes has already been established, and, as a matter of law, it is liable to the Plaintiff on the negligence claim alleged in the Complaint. Accordingly, he is entitled to compensatory damages.

> [T]he person injured by the negligence of another is entitled to reasonable compensation. *Kavanagh v. Butorac*, 140 Ind. App. 139, 221 N.E.2d 824, 828 (1966). Courts have said that term means such sum as would reasonably compensate the victim both for bodily injuries and for pain and suffering. *Id.* To that sum is added past, present, and future expenses reasonably necessary to the plaintiff's treatment and all financial losses suffered, or to be suffered, as a result of the inability to engage in his usual occupation. *Id.* "Compensation is the stated goal of a court when measuring damages for personal injuries." *Id.* (citation omitted).The question, as is so frequently raised in personal injury actions, is how much money reasonably compensates [victims] for their injuries and pain and suffering.

*Ritter v. Stanton*, 745 N.E.2d 828, 843 (Ind. Ct. App. 2001) (additional citation omitted).

The Court finds that ascertaining with reasonable certainty the proper amount of damages to award in this case requires an evidentiary hearing. The Affidavit, although it contains some details, is not accompanied by any documentary support and does not fully explain the justification for the $356,800.00 value that the Plaintiff assigns to his claim. Accordingly, the Court will refer this matter to the magistrate judge to conduct a hearing to determine the amount

of damages to award the Plaintiff and to prepare a report and recommendation.

## CONCLUSION

It is ORDERED that this case is referred to Magistrate Judge Michael G. Gotsch, Sr., for purposes of conducting proceedings, including a damages hearing, and submitting proposed findings of fact and recommendations for the disposition of the Plaintiff's Motion for Default Judgment Against Defendant Sunscapes, Inc. [ECF No. 26], pursuant to 28 U.S.C. § 636(b)(1)(B) and N.D. Ind. L.R. 72-1.

SO ORDERED on October 11, 2016.

      s/ Theresa L. Springmann  
     THERESA L. SPRINGMANN
     UNITED STATES DISTRICT COURT
     FORT WAYNE DIVISION